IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINUS MARION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-cv-0095-MJR |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM and ORDER

**REAGAN, District Judge:**

## I. Introduction and Procedural Background

On June 29, 2004, Plaintiff Linus Marion ("Marion") filed his original complaint against Defendant Wal-Mart Stores, Inc., ("Wal-Mart") in the Circuit Court for the First Judicial Circuit, Jackson County, Illinois. Therein, Marion alleged that, on or about March 9, 2003, he was injured when his foot came into contact with a crack and/or hole at the Murphysboro, Illinois, Wal-Mart. On September 9, 2004, Wal-Mart removed Marion's complaint to the United States District Court for the Southern District of Illinois. *Marion v. Wal-Mart Stores, Inc.,* Case No. 04-04178-MJR (S.D.Ill.). On February 2, 2006, the Court granted Marion's motion to dismiss without prejudice, with leave to re-file the case within one year. Wal-Mart had no objection to this condition. Exactly one year thereafter, on February 2, 2007, Marion filed the instant complaint.

Wal-Mart moves to dismiss Marion's complaint, asserting that Marion failed to achieve service within 120 days after the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

## II. Analysis

Wal-Mart seeks dismissal pursuant to Rule 4(m). That Rule states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

On February 6, 2007, the Clerk of Court issued a summons that was directed to the Wal-Mart entity at the address where Wal-Mart was served in the first action. A letter from Corporation Service Company, dated March 20, 2007, advised Marion that Corporation Service Company is not the registered agent for service of process for Wal-Mart. Doc. 12, Exhibit A.

On June 22, 2007, the Court issued a standard Order instructing Marion that his case would be dismissed for lack of prosecution unless he acted within twenty days to effectuate service or to proceed to default followed by default judgment. In compliance with the Court's Order, Marion requested the issuance of a second summons on July 11, 2007. (Doc. 6). Wal-Mart was served on July 13, 2007. (Doc. 9).

Wal-Mart's memorandum in support of its motion to dismiss advances a straightforward premise: **FEDERAL RULE OF CIVIL PROCEDURE 4(m)** requires a plaintiff to accomplish service within 120 days after filing a complaint, and Marion failed to do so. According to Wal-mart's calculations, Marion served Wal-Mart approximately 141 days after he refiled his Complaint. Wal-Mart's memorandum contends that no good cause exists for Marion's failure to comply with Rule 4(m) because the Wal-Mart where Marion allegedly sustained his injury is still operating at the same physical address, and Wal-Mart's registered agent for the acceptance of service of process in the State of Illinois is listed and identified on the Illinois Secretary of State's website. (Defendant's Memorandum., Doc. 11, p. 3).

However, Wal-Mart fails to note that the plain language of **Rule 4(m)** provides that the Court may "direct that service be effected within a specified time." On June 22, 2007, the Court directed that Marion must act within twenty days to effectuate service of process or face dismissal of the action. By the Court's computation, under **FEDERAL RULES OF CIVIL PROCEDURE 6(a)** and **6(e)**, Marion's service period did not expire until July 16, 2007, so service on Wal-Mart on July 13, 2007, was timely. Therefore, the Court will deny Wal-Mart's motion to dismiss pursuant to **Rule 4(m)**.

### III. Conclusion

For the foregoing reasons, Wal-Mart's motion to dismiss (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 20th day of November, 2007**

> s/Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**